IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No.: 8:20-cv-2517

GLOBAL GLASS TECHNOLOGIES, INC.,

Plaintiff,

v.

RESEARCH FRONTIERS, INC., GAUZY LTD, and VISION SYSTEMS NORTH AMERICA, INC.,

Defendants

_____/

## **COMPLAINT**

The Plaintiff, GLOBAL GLASS TECHNOLOGIES, INC, by and through its undersigned counsel, hereby files a Complaint against the Defendants, RESEARCH FRONTIERS, INC., GAUZY LTD, and VISION SYSTEMS NORTH AMERICA, INC (hereinafter collectively referred to the "Defendants"), and alleges:

### **Jurisdictional Allegations**

1.     This is an action seeking relief with respect to infringement of a United States Patent, inducement of patent infringement, breach of contract, quantum meruit relief, unjust enrichment, injunctive relief and declaratory judgment.

2.     The Court has jurisdiction over the claims in this action that relate to patent infringement under 28 U.S.C. § 1338. Additionally, the Court has jurisdiction over the claims for breach of contract, quantum meruit relief, and unjust enrichment asserted in this action pursuant 28 U.S.C. § 1367.

### **Parties**

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

3.      The Plaintiff, GLOBAL GLASS TECHNOLOGIES, INC. (hereinafter referred to as "GLOBAL GLASS") is Florida corporation located at 3501 Bessie Coleman Drive, Ste 23612, Tampa FL 33623.

4.      The Defendant, RESEARCH FRONTIERS, INC. (hereinafter referred to as "RESEARCH FRONTIERS"), is a publicly traded company located at 240 Crossway Park Drive, Woodbury, New York, and incorporated in New York.

5.      The Defendant, GAUZY LTD (hereinafter referred to as "GAUZY"), is a foreign corporation located at 14 Hathiya Street, Tel Aviv – Yafo, Israel 6816914, which conducts business in the United States of America.

6.      The Defendant, VISION SYSTEMS NORTH AMERICA, INC. (hereinafter referred to as "VISION SYSTEMS"), is a Florida corporation located at 1801 Penn Street, Suite 104, Melbourne, FL 32901.

7.      All the Defendants, at all times relevant herein, have been engaged in commerce, or in activities affecting commerce.

## Venue

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) in that GLOBAL GLASS is a Florida Corporation.   VISION SYSTEMS is also a Florida Corporation.   The harm that was caused by the Defendants, as well as the events or omissions giving rise to the claims occurred in this district.   Furthermore, the infringement by the Defendants caused harm to GLOBAL GLASS in this District.   Lastly, the Defendants are subject to personal jurisdiction in this Judicial District with respect to this action, and there is no other district in which the action may otherwise be brought.

2

**The SPD Patents**

9.     On January 18, 2019, the Plaintiff, GLOBAL GLASS was assigned the United States Patent Registration Nos. 7,800,812; 8,098,421; 8,120,839; 8,792,154; 9,261,752; and 9,658,509. (Hereinafter collectively referred to as the "SPD Patents"). Since that date, GLOBAL GLASS has been and still is the owner of the SPD Patents.

10.     United States Patent Registration No. 8,792,154 (hereinafter referred to as the "154 Patent") is the subject matter of this Complaint.

11.     The 154 Patent was issued in connection with a scalable apparatus and a network environment which dynamically changes the light transparency of a single SPD device.

12.     SPD is an acronym for "Suspended Particle Device", which is a light absorbing particle which can be used with a film and applied to glass allowing users to switch and dim the glass from being opaque to transparent and vice versa.     A small number of SPD devices or thousands of SPD devices can be installed in the windows of automobiles, aircrafts, trains, marine vehicles, residential homes, commercial buildings, and skyscrapers.  The SPD devices can also be used in the presentation of a multi-media special effects display, textual messages, graphical images and simulated motion effects.

13.     In essence, the SPD device technology can cause glass to switch between opaque and transparent, and can be dimmed to allow only a percentage of transparency.

14.     Among other things, the 154 Patent lists the following claims:

     a. A controller controlling the opacity of at least one SPD, wherein a fixed intensity light source and photo-detector combination is used to determine the absolute opacity of the at least one SPD.

3

## Factual Background

15.    Jay Moskowitz is the inventor of the United States Patents Registration Nos. (collectively referred to as the "SPD Patents"): 7,800,812; 8,098,421; 8,120,839; 8,792,154; 9,261,752; and 9,658,509.

16.    On September 8, 2006, Jay Moskowitz assigned the SPD Patents to his company, SPD Control Systems Corporation (hereinafter referred to as "SCSC").

17.    Effective, December 22, 2010, the Defendant, RESEARCH FRONTIERS, and the non-party to this lawsuit, SCSC, entered into a License Agreement with Daimler AG. (The "Daimler License"). A true and correct copy of the Daimler License is attached to this complaint and incorporated by reference in it as Exhibit "A."

18.    Daimler AG is the parent company of Mercedes Benz, which has been one of the world's leading car and truck manufacturers for the last 100 years.

19.    As such, on December 22, 2010, SCSC granted to RESEARCH FRONTIERS, a license to sublicense to Daimler AG the technology and inventions in any of SCSC's unexpired patents, as well as the patents which issue from pending patent applications.

20.    Under the Daimler License, Daimler AG is required to pay RESEARCH FRONTIERS tangible funds in the form of royalties, pursuant to Section 3 of the Daimler License.

21.    The Daimler License contains a provision stating that the "Agreement shall be binding on and shall inure to the benefit of the parties and their successors and assigns."

22.    In a separate agreement dated December 19, 2014 (hereinafter referred to as the "Daimler Royalty Splitting Agreement"), RESEARCH FRONTIERS agreed to pay SCSC fifty percent (50%) of any royalties received by RESEARCH FRONTIERS under the Daimler License.

4

Moreover, RESEARCH FRONTIERS was to provide SCSC each royalty report it received from Daimler AG. A true and correct copy the Daimler Royalty Splitting Agreement is attached to this complaint and incorporated by reference in it as Exhibit "B."

23.    In late 2011, SCSC encountered economic hardship.   Due to the financial difficulties faced by SCSC and its need for the immediate infusion of monies, SCSC entered into a contract with GLOBAL GLASS in the form of a Secured Convertible Note, with an effective date of March 16, 2012.

24.    As part of the Secured Convertible Note, GLOBAL GLASS loaned SCSC $237,000.00, which was secured by the above-mentioned note.

25.    As part of the Secured Convertible Note, SCSC pledged collateral to GLOBAL GLASS, including, but not limited to, its intellectual property meaning all material patents, patent applications, patent disclosures and all related continuation, continuation-in-part, divisional. reissue, reexamination, utility model, certificate of invention and design patents, patent applications, registrations, and applications for registrations.

26.    In 2016, SCSC defaulted on the Secured Note with GLOBAL GLASS, by failing to make the required note payments.

27.    On December 6, 2016, due to its default on the Secured Note, SCSC, by and through its founder and chairman Jay Moskowitz, acknowledged the default, and signed a Post-Default Consent Agreement (hereinafter referred to as the "Consent Agreement"). A copy of the Consent Agreement is attached hereto as Exhibit "C" and incorporated by reference herein.

28.    In the Consent Agreement, SCSC acknowledged the Default, and GLOBAL GLASS's acceptance of the pledged collateral, including the transfer of SCSC assets, both tangible

5

and intangible, plus all of SCSC's intellectual property rights and its patents, which were given over to GLOBAL GLASS.

29.     Moreover, SCSC authorized GLOBAL GLASS to effectuate the transfer of said assets through the irrevocable power of attorney set forth in the Consent Agreement.

30.     Pursuant to the clear terms of the Consent Agreement, GLOBAL GLASS became the owner of all SCSC's patents, including, but not limited to the subject matter SPD Patents (more specifically the 154 Patent).

31.     On January 25, 2019, pursuant to the terms of the Consent Agreement, GLOBAL GLASS executed an Assignment Agreement (hereinafter referred to as the "Assignment Agreement"), as Power of Attorney for SCSC, irrevocably assigning and transferring to GLOBAL GLASS all of SCSC's rights to receive any and all future Daimler royalties for the patents licensed in the Daimler License.  A copy of said Assignment Agreement is attached hereto as Exhibit "D" and incorporated by reference herein.

32.     As GLOBAL GLASS is now the legitimate owner of the SPD Patents, including but not limited to the 154 Patent, this action is brought due to the unlawful acts of the Defendants in using GLOBAL GLASS's technology, which is protected by the 154 Patent, without the consent or approval of the registrant, GLOBAL GLASS.  Moreover, although the Defendants are using the technology and making profits, GLOBAL GLASS is not receiving any monies from the use of its patented technology.

33.     Due to the actions of the Defendants, GLOBAL GLASS has been forced to retain the undersigned attorneys, and is now obligated to pay their reasonable attorneys' fees and costs

## COUNT I - BREACH OF CONTRACT

6

**(Against Research Frontiers, Inc.)**

34.     The Plaintiff avers Paragraphs 1 through 32, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

35.     On December 22, 2010, the Daimler License was entered into between (1) RESEARCH FRONTIERS, (2) SCSC, and (3) Daimler AG.

36.     In the Daimler License Agreement SCSC granted a license to RESEARCH FRONTIERS to sublicense to Daimler AG the SPD Patents and incorporated technology.  In exchange for the sublicense, Daimler AG is to pay royalties to RESEARCH FRONTIERS.

37.     The Daimler License states that the Agreement shall be binding on and shall inure to the benefit of the parties and their successors and assigns.

38.     In the Daimler Royalty Splitting Agreement, dated December 19, 2014, RESEARCH FRONTIERS agreed to pay SCSC fifty percent (50%) of any royalties received by RESEARCH FRONTIERS under the Daimler License.  Moreover, RESEARCH FRONTIERS was to provide SCSC each royalty report it received from Daimler AG.

39.     As the assignee of both the technology rights and the SPD Patents previously owned by SCSC, GLOBAL GLASS is now the owner of both the technology and SPD Patents which are the subject of the Daimler License and the Daimler Royalty Splitting Agreement.  GLOBAL GLASS has stepped into the shoes of SCSC, and is in privity of Contract, in the Daimler License and the Daimler Royalty Splitting Agreement.

40.     GLOBAL GLASS has not obstructed the performance of the Daimler License or blocked the benefit to any party under the Daimler License.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

41.     Since January 29, 2017, RESEARCH FRONTIERS has been on notice of the transfer of the SCSC assets to GLOBAL GLASS, including, but not limited to, the  transfer of  the SPD Patents,   and   the  rights  to  the  royalties  related  said  Patents.   As  such,  RESEARCH FRONTIERS is on notice of the ownership by GLOBAL GLASS, and the obligation to pay GLOBAL GLASS owed royalties.

42.     Moreover, on January 25, 2019, GLOBAL GLASS executed the Assignment Agreement, as Power of Attorney for SCSC, irrevocably assigning and transferring to GLOBAL GLASS all of SCSC's rights to receive any and all future Daimler royalties for the SPD Patents.

43.     Despite being on notice that GLOBAL GLASS owns the rights to the SPD Patents, and despite repeated demand on the part of GLOBAL GLASS to RESEARCH FRONTIERS, to date, RESEARCH FRONTIERS has not provided GLOBAL GLASS with the Daimler License royalty reports showing the amount of royalties received from Daimler AG for its license of GLOBAL GLASS's SPD Patents.

44.     To date, GLOBAL GLASS has not received its portion of royalties from RESEARCH FRONTIERS, of which GLOBAL GLASS is entitled to under the Daimler Royalty Splitting Agreement and based on the use of GLOBAL GLASS's technology and SPD Patents.

45.     RESEARCH FRONTIERS refusal to pay GLOBAL GLASS the royalties owed under the Daimler License is a breach of the Daimler Royalty Splitting Agreement.

46.     Furthermore, RESEARCH FRONTIERS has failed to provide GLOBAL GLASS with the Daimler License royalty reports, which is also a breach of the Daimler Royalty Splitting Agreement.

8

47.    Due to the breach of the Daimler Royalty Splitting Agreement by RESEARCH FRONTIERS, GLOBAL GLASS has suffered losses in the form of loss of royalties received from the Daimler License.

48.    GLOBAL GLASS has been damaged due to the unlawful acts on the part of RESEARCH GLOBAL, and due to the breach of the Daimler Royalty Splitting Agreement entered into between RESEARCH FRONTIERS and SCSC, GLOBAL GLASS's assignor.

WHEREFORE, GLOBAL GLASS TECHNOLOGIES, INC. demands a judgment against RESEARCH FRONTIERS, INC. for compensatory damages, including fifty percent (50%) of all the royalty monies that  RESEARCH FRONTIERS has received from Daimler AG, under the Daimler License, starting from December 6, 2016, the date that GLOBAL GLASS was assigned the SPD Patents by SCSC, awarding costs and interest, requiring RESEARCH FRONTIERS to pay GLOBAL GLASS the Daimler royalties in perpetuity, and any and all other relief to which the Plaintiff may be entitled.

## COUNT II - QUANTUM MERUIT
### (Against Research Frontiers, Inc.)

49.    The Plaintiff avers Paragraphs 1 through 32, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

50.    In the alternative to the Breach of Contract claim, GLOBAL GLASS brings this action for quantum meruit relief.

51.    In the Daimler Royalty Splitting Agreement, dated December 19, 2014, RESEARCH FRONTIERS agreed to pay SCSC fifty percent (50%) of any royalties received by RESEARCH FRONTIERS under the Daimler License.

9

52.     As the assignee of the technology rights and SPD Patents by SCSC, GLOBAL GLASS is now the owner of the technology and SPD Patents which are the subject of the Daimler License and the Daimler Royalty Splitting Agreement.

53.     GLOBAL GLASS has not obstructed the performance of the Daimler License or blocked the benefit to any party under the Daimler License.

54.     Since January 29, 2017, RESEARCH FRONTIERS has been on notice of the transfer of the SCSC assets to GLOBAL GLASS, including, but not limited to, the transfer of the SPD Patents and the rights to the royalties related said Patents. As such, RESEARCH FRONTIERS is on notice of the ownership by GLOBAL GLASS, and the obligation to pay GLOBAL GLASS owed royalties.

55.     Despite being on notice that GLOBAL GLASS owns the rights to the SPD Patents, and despite repeated demand on the part of GLOBAL GLASS to RESEARCH FRONTIERS, to date, RESEARCH FRONTIERS has withheld the Daimler royalties received.

56.     To date, RESEARCH FRONTIERS has continued accepting and retaining the royalties received for the license of the SPD Patents now owned by GLOBAL GLASS.

57.     RESEARCH FRONTIERS' retention of the entirety of the royalties received from Daimler AG is inequitable when the royalties were agreed to be split 50-50 between RESEARCH FRONTIERS and the prior owner of the SPD Patents, SCSC.

58.     GLOBAL GLASS has been damaged due to the unlawful acts on the part of RESEARCH FRONTIERS.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

59.     GLOBAL GLASS has suffered losses in the form of fifty percent (50%) of the royalties paid to RESEARCH FRONTIERS by Daimler AG for Daimler AG's use of GLOBAL GLASS's SPD Patents and the technology contained therein.

60.     GLOBAL GLASS is the owner of the SPD Patents, and expected to receive payment based on their use by other parties.

61.     Under ordinary circumstances, a reasonable person or company would have expected to be paid for the use of their patents or technologies by another party.

62.     GLOBAL GLASS has been damaged due to the unlawful acts on the part of RESEARCH FRONTIERS.

63.     GLOBAL GLASS has suffered losses in the form of fifty percent (50%) of the royalties paid to RESEARCH FRONTIERS by Daimler AG for Daimler AG's use of GLOBAL GLASS's SPD Patents and the technology contained therein.

WHEREFORE, GLOBAL GLASS TECHNOLOGIES, INC. demands a judgment against RESEARCH FRONTIERS, INC. for compensatory damages, including fifty percent (50%) of all the royalty monies that  RESEARCH FRONTIERS has received from Daimler AG, under the Daimler License, starting from December 6, 2016, the date that GLOBAL GLASS was assigned the SPD Patents by SCSC, awarding costs and interest, requiring RESEARCH FRONTIERS to pay GLOBAL GLASS the Daimler royalties in perpetuity, and any and all other relief to which the Plaintiff may be entitled.

### COUNT III - UNJUST ENRICHMENT
### (Against Research Frontiers, Inc.)

64.     The Plaintiff avers Paragraphs 1 through 32, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

reference.

65.     This Count is in the alternative to any Counts for Breach of Contract, and this Count is being brought as an alternative remedy in equity.

66.     In the Daimler Royalty Splitting Agreement, dated December 19, 2014, RESEARCH FRONTIERS agreed to pay SCSC fifty percent (50%) of any royalties received by RESEARCH FRONTIERS under the Daimler License.

67.     As the assignee of the technology rights and SPD Patents by SCSC, GLOBAL GLASS is now the owner of the technology and SPD Patents which are the subject of the Daimler License and the Daimler Royalty Splitting Agreement.

68.     GLOBAL GLASS has not obstructed the performance of the Daimler License or blocked the benefit to any party under the Daimler License.

69.     Since January 29, 2017, the RESEARCH FRONTIERS has been on notice of the transfer of the SCSC assets to GLOBAL GLASS, including, but not limited to, the  transfer of  the SPD Patents,  and  the rights to the royalties related said Patents.  As such, RESEARCH FRONTIERS is on notice of the ownership by GLOBAL GLASS, and the obligation to pay GLOBAL GLASS owed royalties.

70.     Despite being on notice that GLOBAL GLASS owns the rights to the SPD Patents, and despite repeated demand on the part of GLOBAL GLASS to RESEARCH FRONTIERS, to date, RESEARCH FRONTIERS has withheld the Daimler royalties received.

71.     Therefore, RESEARCH FRONTIERS was aware of the ownership of the SPD Patents by GLOBAL GLASS, and despite this knowledge, RESEARCH FRONTIERS has refused to pay GLOBAL GLASS its fair share, unjustly benefiting at the expense of GLOBAL GLASS.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

72.     To date, RESEARCH FRONTIERS has continued accepting and retaining the royalties received for the license of the SPD Patents now owned by GLOBAL GLASS.

73.     RESEARCH FRONTIERS' retention of the entirety of the royalties received from Daimler AG is inequitable when the royalties were agreed to be split 50-50 between RESEARCH FRONTIERS and the prior owner of the SPD Patents, SCSC.

74.     As such, RESEARCH FRONTIERS has pocketed all of the royalty payment from Daimler AG, without sharing the royalties with the true owner of the SPD Patents, which is GLOBAL GLASS.

75.     It would be inequitable to allow RESEARCH FRONTIERS to receive, past and future royalty payments, without sharing the royalty payments with the owner of the SPD Patents, GLOBAL GLASS.   At this time, RESEARCH FRONTIERS has been unjustly enriched to the detriment of GLOBAL GLASS.

76.     GLOBAL GLASS has been damaged due to the unlawful acts on the part of RESEARCH FRONTIERS.

77.     GLOBAL GLASS has suffered losses in the form of fifty percent (50%) of the royalties paid to RESEARCH FRONTIERS by Daimler AG for Daimler AG's use of GLOBAL GLASS's SPD Patents and the technology contained therein.

WHEREFORE, GLOBAL GLASS TECHNOLOGIES, INC. demands a judgment against RESEARCH FRONTIERS, INC. for compensatory damages, including fifty percent (50%) of all the royalty monies that  RESEARCH FRONTIERS has received from Daimler AG, under the Daimler License, starting from December 6, 2016, the date that GLOBAL GLASS was assigned the SPD Patents by SCSC, awarding costs and interest, requiring RESEARCH FRONTIERS to

13

pay GLOBAL GLASS the Daimler royalties in perpetuity, and any and all other relief to which the Plaintiff may be entitled.

## COUNT IV – MANDATORY INJUNCTIVE RELIEF
### (Against Research Frontiers, Inc.)

78.     The Plaintiff avers Paragraphs 1 through 32, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

79.     In the Daimler Royalty Splitting Agreement, dated December 19, 2014, RESEARCH FRONTIERS agreed to pay SCSC fifty percent (50%) of any royalties received by RESEARCH FRONTIERS under the Daimler License.

80.     As the assignee of the technology rights and SPD Patents by SCSC, GLOBAL GLASS is now the owner of the technology and SPD Patents which are the subject of the Daimler License and the Daimler Royalty Splitting Agreement.

81.     Since January 29, 2017, the RESEARCH FRONTIERS has been on notice of the transfer of the SCSC assets to GLOBAL GLASS, including, but not limited to, the transfer of the SPD Patents, and the rights to the royalties related said Patents. As such, RESEARCH FRONTIERS is on notice of the ownership by GLOBAL GLASS, and the obligation to pay GLOBAL GLASS owed royalties.

82.     Therefore, GLOBAL GLASS now seeks to have the Court enter an Order granting mandatory injunctive relief, requiring that RESEARCH FRONTIERS be required to pay GLOBAL GLASS fifty percent (50%) of the Daimler royalties received by RESEARCH FRONTIERS from the date of this Complaint forward.

83.     GLOBAL GLASS, by not being paid the Daimler royalties in perpetuity, that it is

14

owed by RESEARCH FRONTIERS, will suffer irreparable harm.

84.     GLOBAL GLASS does not have an adequate remedy at law for the Daimler royalties in perpetuity as the future amounts owed are not yet fully determined. As such, an order for money damages regarding the Daimler royalties in perpetuity would be insufficient.

WHEREFORE, GLOBAL GLASS TECHNOLOGIES, INC. respectfully requests the court to grant mandatory injunctive relief, ordering RESEARCH FRONTIERS, INC. to pay GLOBAL GLASS the Daimler royalties in perpetuity, and requiring an accounting of monies owed, and any and all other relief to which the Plaintiff may be entitled.

## COUNT V – DECLARATORY JUDGMENT
### (Against Research Frontiers, Inc.)

85.     The Plaintiff avers Paragraphs 1 through 32, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

86.     There is a genuine and bona fide dispute and an actual controversy and disagreement between GLOBAL GLASS and RESEARCH FRONTIERS regarding whether GLOBAL GLASS is entitled to fifty percent (50%) of the Daimler royalties paid by Daimler AG to RESEARCH FRONTIER for Daimler AG's use of GLOBAL GLASS's SPD Patents.

87.     There is concern regarding a present ascertainable set of facts, or controversy regarding a set of facts.

88.     There are rights of GLOBAL GLASS which are dependent on the facts or law applicable to the facts.

89.     GLOBAL GLASS and RESEARCH FRONTIERS have actual present adverse and antagonistic interests in the subject matter, regarding the contracts and the SPD Patents.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

90.     There is no other adequate remedy at law available to determine the rights of GLOBAL GLASS.

91.     The relief sought is not merely the giving of legal advice or the answer of questions propounded for curiosity.

92.     GLOBAL GLASS in good faith requests that the Court declare the following:

   a.   GLOBAL GLASS is the rightful owner of the SPD Patents referenced herein.

   b.   GLOBAL GLASS is assignee of the SPD Patents referenced herein.

   c.   GLOBAL GLASS is entitled to fifty percent (50%) of the Daimler royalties paid by Daimler AG to RESEARCH FRONTIERS for Daimler AG's use of the SPD Patents referenced herein.

WHEREFORE, GLOBAL GLASS TECHNOLOGIES, INC. respectfully requests a declaration that it is entitled to fifty percent (50%) of the Daimler royalties paid to RESEARCH FRONTIERS, INC. by Daimler AG, in the past, and going forward, and any and all other relief to which the Plaintiff may be entitled.

## COUNT VI - INDUCEMENT OF PATENT INFRINGEMENT
### (Against Research Frontiers, Inc.)

93.     The Plaintiff avers Paragraphs 1 through 33, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

94.     This Count is brought under 35 U.S.C. § 271(b).

95.     RESEARCH FRONTIERS is aware that GLOBAL GLASS is the holder of the SPD Patents, including the 154 Patent.

16

96.     Upon information and belief, RESEARCH FRONTIERS, without the authorization of GLOBAL GLASS or, previously, SCSC, has granted licenses and sublicenses of GLOBAL GLASS's SPD Patents to other third parties.

97.     This was all done without the permission or approval of GLOBAL GLASS or the previous owner, SCSC.

98.     Upon information and belief, Defendants GAUZY and VISION SYSTEMS are directly infringing GLOBAL GLASS's SPD Patents.

99.     Through its license and sublicense agreements, RESEARCH FRONTIERS has induced GAUZY and VISION SYSTEMS (hereinafter collectively referred to as the "Infringers") into infringing on GLOBAL GLASS's SPD Patents, specifically the 154 Patent.

100.    Prior to licensing to and working with the Infringers, RESEARCH FRONTIERS knew of GLOBAL GLASS's SPD Patents and the technology covered by those patents. As discussed above, RESEARCH FRONTIERS previously licensed the SPD Patents from SCSC for the purpose of sub-licensing the SPD Patents only to Daimler AG.

101.    RESEARCH FRONTIERS is knowingly and actively inducing the Infringers to infringe on GLOBAL GLASS's SPD Patents.

102.    Upon information and belief, RESEARCH FRONTIERS has sublicensed or encouraged the Infringers to make, use, offer to sell, and/or sell their SPD Controllers which infringes on GLOBAL GLASS's SPD Patents.

103.    RESEARCH FRONTIERS's active inducement discussed above has resulted in the Infringers' direct infringement of GLOBAL GLASS's SPD Patents, specifically the 154 Patent.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

104.    On May 18, 2020, GLOBAL GLASS made RESEARCH FRONTIERS explicitly aware of its violations of GLOBAL GLASS's rights in the SPD Patents and demanded that RESEARCH FRONTIERS cease and desist from its infringement of the SPD Patents by means of a written demand letter.  A true and correct copy of the demand letter is attached to this Complaint and incorporated by reference in it as Exhibit "E."

105.    RESEARCH FRONTIERS has failed to cease and desist from inducing further infringement of the SPD Patents, and will continue to encourage infringement on GLOBAL GLASS's SPD Patents unless enjoined by this Court.

106.    This Count is an exceptional case under 35 U.S.C. § 285.

107.    RESEARCH FRONTIERS inducement of infringement of GLOBAL GLASS's patents has resulted in infringing conduct which has damaged GLOBAL GLASS in a sum to be shown by proof at trial.

WHEREFORE, the Plaintiff, GLOBAL GLASS TECHNOLOGIES, INC., respectfully requests the following relief against the Defendants as follows:

a.  A temporary restraining order and a preliminary injunction prohibiting RESEARCH FRONTIERS, INC. from infringing or inducing infringement on the SPD Patents during the pendency of this action;

b.  A final and permanent injunction restraining RESEARCH FRONTIERS, INC. and any of RESEARCH FRONTIERS, INC.'s agents, servants, employees, or other persons against continued infringement or inducement of infringement;

c.  An accounting for damages caused by the inducement of infringement and infringement of RESEARCH FRONTIERS, INC.;

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

d. An assessment of interest, costs, and attorneys' fees against RESEARCH FRONTIERS, INC.; and

e. Any and all other relief to which the Plaintiff may be entitled.

### COUNT VII - PATENT INFRINGEMENT
### (Against Gauzy, Ltd)

108. The Plaintiff avers Paragraphs 1 through 33 which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

109. From at least July 2019, GAUZY has been and still is infringing the SPD Patents, specifically the 154 Patent, by making, selling, and using a product entitled SPD Controllers.

110. GAUZY's product infringes on the patented invention by controlling the opacity of SPD devices, including dimming and fading control for tunable shading, for various uses and installations, including on automotive, planes, trains, boats, and skylights.

111. On July 29, 2020, GLOBAL GLASS demanded that GAUZY cease and desist from its infringement of GLOBAL GLASS's SPD Patents by means of a written demand letter. A true and correct copy of which is attached to this complaint and incorporated by reference in it as Exhibit "F."

112. GAUZY has failed and refused to desist from infringing on GLOBAL GLASS's SPD Patents, and will continue to infringe on GLOBAL GLASS's SPD Patents unless enjoined by this Court.

113. This Count is an exceptional case under 35 U.S.C. § 285.

114. GAUZYs infringing conduct has damaged GLOBAL GLASS in a sum to be shown by proof at trial.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

WHEREFORE, the Plaintiff, GLOBAL GLASS TECHNOLOGIES, INC., respectfully requests the following relief against the Defendants as follows:

a. A temporary restraining order and a preliminary injunction prohibiting GAUZY LTD from infringing on the SPD Patents during the pendency of this action;

b. A final and permanent injunction restraining GAUZY LTD and any of GAUZY LTD's agents, servants, employees, or other persons against continued infringement;

c. An accounting for damages caused by the infringement of GAUZY LTD;

d. An assessment of interest, costs, and attorneys' fees against GAUZY LTD; and

e. Any and all other relief to which the Plaintiff may be entitled.

### COUNT VIII - PATENT INFRINGEMENT
### (Against Vision Systems North America, Inc.)

115.   The Plaintiff avers Paragraphs 1 through 33, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

116.   From at least July 2019, VISION SYSTEMS has been and is still infringing the SPD Patents, specifically the 154 Patent, by making, selling, and using a product entitled Electronically Dimmable Windows.

117.   VISION SYSTEMS's product infringes on the patented invention by controlling the opacity of SPD devices, including dimming and fading control for tunable shading, for various uses and installations, including automotive, planes, trains, boats, and skylights.

118.   On July 29, 2020, GLOBAL GLASS demanded that VISION SYSTEMS cease and desist from its infringement of GLOBAL GLASS's SPD Patents by means of a written demand

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

letter. A true and correct copy of which is attached to this complaint and incorporated by reference in it as Exhibit "G."

119.    VISION SYSTEMS has failed and refused to desist from infringing on GLOBAL GLASS's SPD Patents, and will continue to so infringe on GLOBAL GLASS's SPD Patents unless enjoined by this Court.

120.    VISION SYSTEMS's infringing conduct has damaged GLOBAL GLASS in a sum to be shown by proof at trial.

121.    This Count is an exceptional case under 35 U.S.C. § 285.

WHEREFORE, the Plaintiff, GLOBAL GLASS TECHNOLOGIES, INC., respectfully requests the following relief against the Defendants as follows:

a.   A temporary restraining order and a preliminary injunction prohibiting VISION SYSTEMS NORTH AMERICA, INC. from infringing on the patent during the pendency of this action;

b.   A final and permanent injunction restraining VISION SYSTEMS NORTH AMERICA, INC. and any of VISION SYSTEMS NORTH AMERICA, INC.'s agents, servants, employees, or other persons against continued infringement;

c.   An accounting for damages caused by the infringement of VISION SYSTEMS NORTH AMERICA, INC.;

d.   An assessment of interest, costs, and attorneys' fees against VISION SYSTEMS NORTH AMERICA, INC.; and

e.   Any and all other relief to which the Plaintiff may be entitled.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

Date: October 27, 2020                          Respectfully Submitted

                                                /s/ Chezare Palacios
                                                Chezare Palacios
                                                Fla Bar #125723
                                                Jamie Alan Sasson
                                                Fla Bar #10802
                                                The Ticktin Law Group
                                                270 SW Natura Avenue
                                                Deerfield Beach, Florida 33441
                                                Serv555@LegalBrains.com
                                                Serv513@LegalBrains.com
                                                Telephone: 561-232-2222
                                                *Attorneys for the Plaintiff*