# SPD CONTROL SYSTEMS CORPORATION'S
# POST-DEFAULT CONSENT TO GLOBAL GLASS TECHNOLOGIES, INC.'S
# ACCEPTANCE OF COLLATERAL IN FULL SATISFACTION OF DEBT

SPD Control Systems Corporation ("SPD") hereby acknowledges that it has committed one or more events of default under that Secured Convertible Note, the "Effective Date" of which was March 16, 2012 ("Note") and, in accordance with New York's Statute, NY UCC § 9-620 and/or any other applicable law, consents to Global Glass Technologies, Inc.'s ("GGT") proposal to accept the Collateral, which includes "Intellectual Property" which means all material (i) patents, patent applications, patent disclosures and all related continuation, continuation-in-part, divisional, reissue, reexamination, utility model, certificate of invention and design patents, patent applications, registrations and applications for registrations, (ii) trademarks, service marks, trade dress, logos, trade names and registrations and applications for registration thereof, (iii) copyrights and registrations and applications for registration thereof, (iv) computer software (in both source code and object code form), data and documentation, (v) trade secrets and confidential business information, whether patentable or unpatentable and whether or not reduced to practice, manufacturing and production processes and techniques, research and development information, business and marketing plans and customer and supplier lists and information. ("Collateral") in full satisfaction of all obligations that are due and owing to GGT under the Note and in which Collateral a Security Interest exists in favor of GGT.

By virtue of the facts and circumstances involving SPD's default and the lack of assets having a value sufficient to satisfy SPD's obligations owing to GGT under the Note, SPD acknowledges that all actions taken to date by GGT in seeking to enforce its rights under the Note, as well as the entry into this agreement, have been done in good faith.

SPD hereby releases, acquits, remises and forever discharges GGT and all of its past, present and future officers, directors, employees, agents, attorneys, representatives, successors and assigns from any and all claims, demands, actions and causes of action, whether at law or in equity, whether now accrued or hereafter maturing, and whether known or unknown, which SPD has, had or may have had by reason of any manner, cause or things arising prior to the date of this Consent with respect to matters arising out of or with respect to the Note.

Any suit, action or proceeding arising hereunder shall, at GGT's sole and exclusive discretion, be only instituted or maintained in any court sitting in the State of Florida and in the county in which GGT's chief executive office is located (the "Acceptable Forum"). SPD agrees that the Acceptable Forum is convenient to it, and submits to the jurisdiction of the Acceptable Forum and waives any and all objections to jurisdiction or venue. Should such proceeding be initiated in any other forum, SPD waives any right to oppose any motion or application made by GGT to transfer such proceeding to an Acceptable Forum.

Within ten (10) days after both parties execute this Post-Default Consent, SPD will provide an asset transfer document ("the Document") which details all of the assets being transferred to GGT. Such Document will provide access information to all electronically transferrable assets and list those transferable physical assets and their locations. GGT will be responsible for the cost to package and ship physical assets from their location to GGT.

Immediately upon SPD's delivery of the Document to GGT, GGT will review the Document and will have not more than twenty (20) calendar days to review the information and content of the Document and by no later than the expiration of the twenty (20) day period, GGT shall have the right to provide SPD with written notice of any items GGT deems missing ("GGT Notice"). Not more than five (5) days of SPD's receipt of the GGT Notice, SPD will either notify GGT, in writing, that it disagrees with the additional items or consents to same (SPD's Notice"). A failure to timely respond shall be deemed SPD's irrevocable consent to such changes. If SPD consents to same, SPD will supply such missing items. Within ten (10) days following receipt of SPD's Notice that it consents to the missing items and has provided such items, GGT will have an additional ten (10) days to repeat the process of sending a GGT Notice followed by an SPD Notice or can acknowledge that SPD has completed its obligations and that SPD has no further obligation to supply GGT with any additional items. This process can be repeated until either GGT provides an acknowledgement of acceptance of the Document or the Document plus additional items specified in GGT Notices. Failure to provide any GGT Notice within the stipulated time period, will be deemed as the acceptance of the Document and that SPD has completed its obligations and has no further obligations to GGT.

GGT acknowledges that SPD is being funded through personal loans being provided by senior management to meet monthly operating expenses. It is acknowledged that SPD has no cash and is carrying unsecured debt to its senior managers and vendors. It is understood that there will be no cash transfer as part of this transaction.

SPD agrees that the transfer of all tangible assets being transferred to GGT by SPD may take place at any time within sixty (60) days of the initial delivery of the Document. SPD also agrees to execute any necessary or appropriate documents provided to it by GGT to sell and/or assign its patent or other intellectual property rights identified in the Document to GGT. If, for whatever reason, SPD fails to execute any lawful agreement provided by GGT to SPD for the sale and/or assignment of any patent or other intellectual property rights identified in the Document, SPD acknowledges that GGT shall have an irrevocable power of attorney to execute any such necessary or appropriate documents as an agent of SPD.

This Agreement may be executed in two or more counterparts, which together shall constitute a single agreement. This Agreement may be executed and transmitted to any other party by facsimile, which facsimile shall be deemed to be, and utilized in all respects as, an original, wet-inked manually executed document. The parties agree that the original manually executed copy of a facsimile transmitted document will be mailed to each party in addition.

Items sent to GGT will be emailed to johnnietampa@gmail.com and be sent via certified mail to GGT at:

Global Glass Technologies, Inc.
11328 Grand Winthrop Drive
Riverview, FL 33578

Any notifications to SPD will be emailed to jay@spdControlSystems.com and be sent via certified mail to SPD at:

Jay Moskowitz
8681 Hawkwood Bay Drive
Boynton Beach, FL 33473-7822

THE PARTIES HERETO WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING HEREUNDER, OR IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND EACH PARTY FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED WITHOUT A JURY.

Dated: 12/6, 2016.

SPD CONTROL SYSTEMS CORPORATION

By: _____
Jay Moskowitz, Chairman and Founder

### SECURED PARTY'S CONSENT

Global Glass Technologies, Inc., pursuant to New York's Statute NY UCC § 9-620, hereby consents to SPD Control Systems Corporation's acceptance of GGT's above-stated proposal and this consent to accept the Collateral in full satisfaction of all obligations secured thereby.

Dated: 6 December, 2016.

GLOBAL GLASS TECHNOLOGIES, INC.

By: _____
Name: John Lloyd
Title: CEO

F: wp51 16 160041 Post-Default Agreements Consent of Acceptance of Collateral.(MWU Revisions)(12-6-16).Draft 8.TRACKED.doc

Page 3 of 3