# ASSIGNMENT AGREEMENT

**THIS ASSIGNMENT AGREEMENT** (this "**Agreement**") is made and entered into effective December 6, 2016, by and between SPD Control Systems Corporation ("**SPD**"), a New York Corporation and Global Glass Technologies, Inc. ("**GGT**"), a Florida corporation, [collectively, the "**Parties**"].

**WHEREAS**, SPD executed in favor of GGT that certain Secured Convertible Note dated March 16, 2012 (the "**Note**"), which Note was secured by, among other things, all current and future assets of SPD and all existing or future proceeds/revenues which were or could be derived from said assets (the "**Assets**"), same being subject to that certain UCC-1 Financing Statement with a recording date of January 7, 2016 (the "**UCC-1**"); and

**WHEREAS**, SPD defaulted on the Note resulting in entry into that certain Post-Default Consent to GGT's Acceptance of Collateral in Full Satisfaction of Debt (the "**Consent Agreement**"), by which SPD transferred and assigned to GGT the "Collateral" identified as security for the Note, including all of SPD's intellectual property and derivative rights, and by which SPD conferred upon GGT irrevocable power of attorney to execute in SPD's name any and all documents/instruments required to effectuate the transfer of any item of the Collateral; and

**WHEREAS**, SPD has failed to transfer to GGT certain items of the Collateral, including payments made to SPD and the right to receive future payments to SPD by Research Frontiers, Inc. ("**RFI**") derived from licensing payments payable by Daimler AG (the "**Daimler Payments**") pursuant to that certain December 11, 2010 Licensing Agreement (the "**Daimler Agreement**");

**NOW, THEREFORE**, in consideration of the foregoing, and based upon the promises and mutual covenants made by and between the Parties set forth herein and in the Note, Consent Agreement and otherwise, the Parties, intending to be legally bound, hereby agree as follows:

1. **ASSIGNMENT OF RIGHT TO RECEIVE ALL FUTURE DAIMLER PAYMENTS.**

SPD hereby irrevocably assigns and transfers to GGT, from the date of this Agreement going forward, all of SPD's rights to receive, whether from RFI or otherwise, any and all future Daimler Payments. SPD hereby directs RFI, Daimler AG, and any other applicable third party to deliver to GGT, as and when due, each and every Daimler Payment that is or would be otherwise payable to SPD, and to recognize that all of SPD's rights to pursue the Daimler Payments and to enforce the obligation to make the Daimler Payments, is hereby and forever vested in GGT, without limitation, whether as provided in the Daimler Agreement or pursuant to any applicable law.

2. **APPLICABLE LAW - VENUE.**

This Agreement is entered into in the State of Florida and shall be construed and interpreted in accordance with the laws of the State of Florida. Unless otherwise agreed to in writing by all Parties to such litigation, any dispute arising out of or relating to this Agreement shall lie exclusively in the State of Florida Circuit Court in Hillsborough County, Florida.

4849-1300-4422, v. 1

3. **ATTORNEYS' FEES.**

The prevailing party in any dispute arising out of or relating to this Agreement shall be entitled to an award of its reasonable attorneys' fees and costs incurred in any dispute resolution efforts, including mediation, arbitration, trial or appellate attorneys' fees and costs and including for any legal expenses (attorneys' fees and costs, such as fee expert witness fees) incurred in seeking to establish an entitlement to or the amount of any attorneys' fees/costs award authorized by this provision.

4. **MODIFICATION.**

There shall be no change or modification of this Agreement at any time, even after its execution unless there is both new consideration <u>and</u> a written modification manually signed by all Parties hereto. The Parties may not modify this requirement by conduct, course of dealing or other course of conduct except by express written consent signed by all relevant parties.

5. **NO LIMITATION ON EXISTING OBLIGATIONS.**

This Agreement does not and shall not be construed to limit or otherwise discharge any obligation owed by SPD to GGT as set forth in any other Agreement, Instrument or by way of any other applicable law. All of SPD's existing obligations owed by SPD remain fully enforceable and shall be deemed to run concurrently with the obligations set forth in this Agreement without diminishing in any way.

6. **SEVERABILITY.**

Each provision of this Agreement is intended to be severable. If any court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal or unenforceable in any respect, the other provisions of the Agreement will remain in force.

7. **NO PRESUMPTION OF DRAFTING.**

The Parties acknowledge that their respective counsel have cooperated in the drafting of this Agreement such that no individual party shall be deemed as having drafted this Agreement to the exclusion of any other. In the event any ambiguity in terms appears or is construed as appearing herein, the ambiguity will not be presumed to favor or disfavor any party or parties.

8. **WAIVER OF JURY TRIAL.**

The Parties hereby knowingly, intelligently, voluntarily and EXPRESSLY WAIVE ANY AND ALL RIGHT TO A TRIAL BY JURY as to any issue relating to or arising out of this Agreement for all time, regardless of the subject matter or substance of the matter to be adjudicated.

**Execution Page Follows**

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement effective as of the first date set forth above.

| SPD CONTROL SYSTEMS CORPORATION | GLOBAL GLASS TECHNOLOGIES, INC. |
|---|---|
| By: _____ <br><br> Name: JOHN LLOYD, CEO <br>     o/b/o Global Glass Technologies, Inc. <br><br> Title: Authorized Agent of SPD Pursuant to 12/6/2016 Irrevocable Power of Attorney <br><br> Date: 12/6/2016 | By: _____ <br><br> Name: JOHN LLOYD <br><br> Title: CEO <br><br> Date: 12/6/2016 |